# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AERIA CHARLES and JEANNETTE CHARLES, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) No. 11 CV 8217 |
| v. | ) ) Judge Ruben Castillo |
| BANK OF AMERICA, N.A.; CITIZENS FINANCIAL BANK; COUNTRYWIDE HOME LOANS, INC.; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Aeria and Jeannette Charles ("Plaintiffs") bring this suit against Bank of America, N.A. ("BoA"), Citizens Financial Bank ("Citizens"), Countrywide Home Loans, Inc. ("Countrywide"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, in addition to related state law claims. (R. 18, Am. Compl.) Presently before the Court is Defendants' motion to dismiss or stay the instant case pursuant to the abstention doctrines set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), or *Younger v. Harris*, 401 U.S. 37 (1971), pending the outcome of parallel state proceedings that are currently underway. (R. 21, Defs.' Mot.) For the reasons stated herein, Defendants' motion to stay pursuant to *Colorado River* is granted, and the Court will stay the exercise of its jurisdiction over this federal case.

1

## RELEVANT FACTS

On January 19, 2007, Plaintiffs mortgaged their home with Citizens. (R. 18, Am. Compl. ¶¶ 13-15.) As part of the mortgage transaction, Plaintiffs signed a note in favor of Citizens ("Note") and a mortgage conveying a security interest in their home to Citizens ("Mortgage"). (*Id.* ¶¶ 14-15; R. 18, Am. Compl., Ex. B, Mortgage.) The Mortgage identified MERS "solely as a Nominee for Lender." (R. 18, Am. Compl. ¶ 15.)

On or about March 1, 2007, Citizens, in accordance with its established business practice, sold the Note, Mortgage, and servicing rights thereto to Countrywide, having notified Plaintiffs of the transaction by mail. (*Id.* ¶ 16; R. 18, Am. Compl., Ex. C, Feb. 6, 2007 Letter.) Countrywide, pursuant to its established business practice, immediately sold the Note and Mortgage to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). (R. 18, Am. Compl. ¶ 17.) Freddie Mac securitized the Note and Mortgage by transferring them to a mortgage-backed-securitized trust, the Freddie Mac 2007 Trust ("Trust"), retaining only the servicing rights. (*Id.*)

On or about July 1, 2009, BoA, successor by merger to BAC Home Loans Servicing LP, formerly known as Countrywide Home Loans Servicing LP, represented to Plaintiffs that it was the servicer of their Mortgage. (*Id.* ¶ 20-21.) Accordingly, Plaintiffs began sending their mortgage payments to BoA. (*Id.*) In September 2010, BoA approved a loan modification on the Mortgage reflecting a modified monthly payment of $3,256.68. (R. 18, Am. Compl., Ex. G, Sept. 8, 2010 Letter.)

Sometime thereafter, Plaintiffs ceased making mortgage payments, and BoA prepared to initiate foreclosure proceedings on Plaintiffs' home. (R. 18, Am. Compl. ¶ 21.) On November 15, 2011, BoA recorded an "Assignment of Mortgage" with the

Cook County Recorder of Deeds, thereby assigning the Note and Mortgage on Plaintiffs' home from MERS to BoA. (*Id.*; R. 18, Am. Compl., Ex. H, Assignment of Mortgage.) Tina LeRaybaud executed the assignment in her alleged capacity as Assistant Secretary of MERS. (R. 18, Am. Compl. ¶ 21.) LeRaybaud is also allegedly an employee of BoA. (*Id.*) On January 10, 2012, BoA filed a "Complaint to Foreclose Mortgage" on Plaintiffs' home in the Circuit Court of Cook County, Illinois. (*Id.* ¶ 24, R. 18, Am. Compl., Ex. I, Compl. to Foreclose Mortgage.)

## PROCEDURAL HISTORY

On November 17, 2011, Plaintiffs brought this action by filing a complaint with this Court. (R. 1, Compl.) The case was dismissed with leave to amend on February 8, 2012. (R. 17, Min. Entry.) On March 9, 2012, Plaintiffs reopened this case when they filed an amended complaint alleging that BoA did not have an interest in their home and was therefore in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by representing itself as the mortgage servicer, collecting Plaintiffs' mortgage payments, and eventually initiating foreclosure proceedings when Plaintiffs ceased paying their mortgage. (R. 18, Am. Compl. ¶¶ 20, 24, 26.) Plaintiffs allege parallel violations of the Illinois Collection Agency Act, 225 Ill. Comp. Stat. 425/1 *et seq.* (*Id.* ¶ 42.)

Plaintiffs also allege that BoA unjustly enriched itself by collecting Plaintiffs' mortgage payments. (*Id.* ¶¶ 57-58.) Furthermore, Plaintiffs ask this Court for a declaration stating that Defendants have no interest in the subject property, and that BoA knowingly and maliciously represented itself as the servicer and holder of the Note and the Mortgage. (*Id.* ¶¶ 55a, 67.) Finally, Plaintiffs bring claims under the Illinois

3

Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*, and the Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*, alleging that BoA's actions were willfully, maliciously, and egregiously deceptive. (*Id.* ¶¶ 66-70.)

On March 30, 2012, Defendants filed a motion to dismiss or stay this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (R. 21, Defs.' Mot. at 3.) Defendants ask the Court to dismiss or stay this suit subject to *Younger*, 401 U.S. at 43, pending the outcome of the state court foreclosure proceeding. (*Id.* ¶ 10.) Defendants argue that the ownership of the Mortgage, Note, and servicing rights is the central issue in both the case that is presently before this Court and the state court foreclosure proceeding. (*Id.*) They assert that in the interest of comity, pursuant to *Younger*, this Court should abstain from asserting subject matter jurisdiction over this action until the state court proceeding comes to a conclusion. (*Id.*) Alternatively, Defendants move to dismiss or stay this action pursuant to *Colorado River*, 424 U.S. at 817, which gives this Court discretion to stay or dismiss a case that is parallel to a state action in order to promote "wise judicial administration." (R. 21, Defs.' Mot. ¶ 21.) Defendants argue that because this suit is parallel to the state court foreclosure proceeding and because the *Colorado River* factors "weigh heavily—if not exclusively—in favor of abstention," this Court should decline to exercise jurisdiction over Plaintiffs' claims pursuant to *Colorado River*. (*Id.*)

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure asks the Court to dismiss an action over which it allegedly lacks subject

matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of proof that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). In considering a motion brought under Rule 12(b)(1), all of the well-plead allegations in the complaint are accepted as true, and the Court draws all reasonable inferences in favor of the nonmoving party. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Additionally, when considering a motion to dismiss for lack of subject matter jurisdiction, the Court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)) (internal quotation marks omitted); *see also Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003).

## ANALYSIS

Defendants move to dismiss or stay the instant action pursuant to the *Colorado River* abstention doctrine. (R. 21, Defs.' Mot. ¶ 28.) Under *Colorado River*, 424 U.S. at 817, a federal court has discretion to abstain from hearing a case when there is a pending parallel state proceeding in order to "promote wise judicial administration." *See AXA Corp. Solutions v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 278 (7th Cir. 2003). Because federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," there is a general presumption under *Colorado River* against abstaining. *Colorado River*, 424 U.S. at 817 (citing *England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 415 (1964); *McClellan v. Carland*, 217 U.S. 268, 281 (1910); *Cohens v. Virginia*, 6 Wheat. 264, 404 (1821) (Marshall, C.J.)); *Huon v. Johnson & Bell, Ltd.*, 657

5

F.3d 641, 645 (7th Cir. 2011). "Nevertheless, in exceptional circumstances a federal court may abstain from hearing a suit and await the outcome of parallel proceedings." *AAR Int'l, Inc. v. Nimelias Enter., S.A.*, 250 F.3d 510, 517 (7th Cir. 2001) (quoting *Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc.*, 180 F.3d 896, 898 (7th Cir. 1999)) (internal quotation marks omitted).

The Court must undertake a two-step inquiry to determine whether abstention under *Colorado River* is appropriate. *AAR Int'l, Inc.*, 250 F.3d at 518, 522. First, the Court must ascertain whether the concurrent state and federal cases are, in fact, parallel. *Id.* at 518. If the Court finds at step one that the two cases are indeed parallel, the Court must then proceed to step two and determine whether "exceptional circumstances" are present that justify abstention in the face of the Court's unflagging obligation to exercise the jurisdiction that Congress has given to it. *Id.* at 517, 522. The Court will consider each step of this inquiry in turn.

I. **Parallel proceedings**

Defendants argue that the state court foreclosure proceeding is parallel to this action, as it involves the same parties, the same subject loan, and the same subject property. (R. 21, Defs.' Mot. ¶ 21-22.) Suits are considered parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005) (quoting *AAR Int'l, Inc.*, 250 F.3d at 518); *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990). While Citizens, Countrywide, and MERS are not parties to the state court foreclosure action, "[s]uits need not be identical to be parallel, and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that

6

they are parallel." *AAR Int'l, Inc.*, 250 F.3d at 518 (internal citations and quotation marks omitted); *see also Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) ("To be sufficiently similar it is not necessary that there be formal symmetry between the two actions."); *Day v. Union Mines Inc.*, 862 F.2d 652, 656 (7th Cir. 1988) "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the state court litigation will dispose of all claims presented in the federal case." *TruServ Corp.*, 419 F.3d at 592 (quoting *AAR Int'l, Inc.*, 250 F.3d at 518) (internal quotation marks omitted); *Day*, 862 F.2d at 656.

The Court finds that there is a substantial likelihood that the Circuit Court of Cook County will dispose of all of the issues presented in the instant federal case. Plaintiffs allege that Defendants falsely represented their standing and authority to foreclose on the Mortgage, had no interest in either the Note or the Mortgage, unjustly enriched themselves by collecting payments from Plaintiffs, slandered Plaintiffs' title, and willfully passed off their services as those of the true mortgagee listed on the Note and Mortgage. (R. 18, Am. Compl. ¶¶ 30, 46, 58, 61, 69.) If the state court determines that BoA's interest in Plaintiffs' Mortgage and Note is proper, then the claims that Plaintiffs have asserted in this case necessarily fail as a matter of law. All of Plaintiffs' allegations are predicated on the question at issue in BoA's state court foreclosure action: is BoA legally entitled to enforce the Note secured by Plaintiffs' Mortgage? Because Plainitffs' federal action relies significantly on the resolution of the primary legal issue under consideration in BoA's state court foreclosure action, the Court finds that the actions are sufficiently parallel to support *Colorado River* abstention.

**II.**     ***Colorado River* factors**

7

When the state and federal suits are parallel, the Court may stay the exercise of its jurisdiction under "exceptional circumstances." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25-26 (1983). The Court weighs ten, non-exhaustive factors to determine whether exceptional circumstances are present: (1) whether the state has assumed jurisdiction over the property at issue in the federal case; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of governing law; (6) the adequacy of the state court action to protect the federal plaintiffs' rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Clark*, 376 F.3d at 685; *AXA Corp.*, 347 F.3d at 278; *Day*, 862 F.2d at 658.

No single factor is determinative, and the weight given to any particular factor will vary depending on the circumstances of the case. *Colorado River*, 424 U.S. 818-19 ("No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required."); *Moses H. Cone*, 460 U.S. at 15-16; *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1559 (7th Cir. 1989). The factors are not intended to be a "mechanical checklist," but instead are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone*, 460 U.S. at 16. "Moreover, in making its decision, the district court should consider any special factors counselling for or against the exercise of jurisdiction in the case before it." *LaDuke*, 879 F.2d at 1559 (quoting *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1234 (7th Cir. 1979)) (internal quotation marks omitted). The strength of

one factor may outweigh many weaker factors. The Court will address the factors that are relevant to this case in turn. Here, the majority of the *Colorado River* factors weigh in favor of abstention, while no factor weighs against abstention.

Five of Plaintiffs' six claims before this Court require the resolution of legal issues governed by Illinois state law, including both statutory and common law protections. The only federal claim rests on Plaintiffs' allegation that BoA has no legal interest in Plaintiffs' Mortgage, the same issue currently being decided by the state court. The majority of Plaintiffs' claims are governed by Illinois state law, and the single federal claim that they assert under the FDCPA can be resolved in state court. The FDCPA grants concurrent jurisdiction in both federal and state courts for enforcement of its provisions. 15 U.S.C. § 1692k(d) ("An action to enforce liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction[.]"). The common issue among the state and federal claims—whether BoA has a valid interest in Plaintiffs' Note and Mortgage—is a matter of Illinois state law. *See* 735 Ill. Comp. Stat. 5/15-1501 (Illinois courts in mortgage foreclosure actions must adjudicate the rights of all parties who claim an interest in the subject property). If "state law will govern the outcome of this suit" then "[i]t is clear that factor five weighs in favor of" abstention. *Caminiti and Iatarola, Ltd. V. Behnke Warehousing, Inc.*, 962 F.2d 698, 702 (7th Cir. 1992). "[B]ecause both cases are governed by [Illinois] law, it is better to defer to the [Illinois] courts to consider the issues presented. A state court's expertise in applying its own law favors a *Colorado River* stay." *Clark*, 376 F.3d at 687-88 (internal citations and quotations omitted). Therefore, the Court concludes that factor five, the source of

governing law, weighs strongly in favor of abstention. The Court also concludes that factor eight, the presence or absence of concurrent jurisdiction, weighs in favor of abstention because Plaintiffs can bring their FDCPA claim in state court. *LaDuke*, 879 F.2d at 1561.

All of Plaintiffs' claims are likely to be finally resolved by the state court foreclosure action and simultaneous consideration of these cases would result in disfavored piecemeal litigation. *See LaDuke*, 879 F.2d at 1560 ("[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results") (quoting *Day*, 862 F.2d at 659) (internal quotation marks omitted). Simultaneous litigation is "unseemly" and poses two potential problems:

> First, a party may try to accelerate or stall proceedings in one of the forums in order to ensure that the court most likely to rule in its favor will decide a particular issue first. Second, the possibility exists that one court, unaware that the other court has already ruled, will resolve an issue differently and create a conflict between the two forums. Thus, the results of simultaneous litigation of identical issues in the state and federal courts may be both 'unseemly' and a 'grand waste' of the efforts of the parties and the courts.

*LaDuke*, 879 F.2d at 1560 (citing *Microsoftware Computer Sys. v. Ontel Corp.*, 686 F.2d 531, 538 (7th Cir. 1982), *overruled on other grounds by Gulf Stream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988)).

The Court finds both of these issues present in this case. If the instant action is not stayed, both fora will simultaneously be deciding whether BoA has an interest in Plaintiffs' Note and Mortgage. First, if both suits are allowed to proceed, either Plaintiffs or Defendants may engage in gamesmanship in one of the fora to ensure that the forum most favorable to it will decide a disputed issue first. Second, it is possible that if parallel

10

litigation is allowed to go forward in this case, that this Court and the Circuit Court of Cook County will decide a disputed issue differently.

Parallel proceedings present a threat to efficient adjudication. *Lumen Constr. v. Villasenor*, 780 F.2d 691, 694 (7th Cir. 1985). However, judicial economy is not the only significant issue that is placed in jeopardy "[w]hen a case proceeds on parallel tracks in state and federal court[.]" *Id.* "The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications." *Id.* If this case was to proceed in this Court as well and in state court, the two fora would be deciding identical issues in relation to the ownership of the Note and Mortgage and would likely hear similar pretrial motions, evidence, and witnesses. *Ingall v. AES Corp.*, 311 Fed. App'x 911, 915 (7th Cir. 2008). Furthermore, parallel suits could seriously undermine judicial efficiency and judicial legitimacy, as well as lead to gamesmanship that is entirely inappropriate in our dual system of federal and state courts. *Lumen Constr.*, 780 F.2d at 694; *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 756 (7th Cir. 2006). Therefore, the Court finds that factor three, the desirability of avoiding piecemeal litigation, weighs strongly in favor of abstention in this case.

Plaintiffs express doubt that the state court will adequately protect their rights and therefore request that this Court exercise jurisdiction over their case. (R. 25, Pls.' Resp. ¶ 6.) Merely expressing doubts, as Plaintiffs do, that the state court will be inhospitable is not enough to show that the state court will inadequately protect the Plaintiffs' rights. *See Tyrer*, 456 F.3d at 757 ("The insinuation that Illinois courts will not live up to the standard of full and fair adjudication of the issues is pure speculation that we expressly

disavow.") (internal citations and quotations omitted). "[T]here is no fear that [Plaintiffs'] rights will not be adequately protected in the state proceeding as the same questions of law and fact are presented as in the federal case and the state court can resolve these questions just as effectively." *Clark*, 376 F.3d at 688. As the vast majority of Plaintiffs' claims stem from state law, the state court will adequately protect Plaintiff's rights. *Ingall*, 311 Fed. App'x at 915 (citing *Caminiti and Iatarola, Ltd.*, 962 F.2d at 702). Therefore, the Court finds that factor six, the adequacy of the state court action to protect the federal plaintiffs' rights, weighs in favor of abstention.

Plaintiffs next point out that they filed their federal case prior to Defendants' state court foreclosure action, which commenced in January 2012. (R. 25, Pls.' Resp. ¶ 6.) While that is true, the Court notes that the instant action was dismissed with leave to amend on February 8, 2012. (R. 17, Min. Entry.) Therefore, when Plaintiffs filed their amended complaint in March to reopen this case, the state court had already assumed jurisdiction over the *rem* that is the principal subject of this dispute. Further, "priority should not be measured purely by which complaint was filed first," but instead should be "applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone*, 460 U.S. at 21. Considering that both cases are at similar stages and that the state court asserted jurisdiction before Plaintiffs reinstated their case in federal court, the Court holds that the fourth factor, the order in which jurisdiction was obtained, weighs in favor of abstention. Because the state court has assumed jurisdiction over the property at issue in the federal case, the Court concludes that factor one also weighs in favor of abstention.

12

The possible inconvenience of the federal forum does not strongly factor into the Court's decision. In *Colorado River*, 424 U.S. at 821, the Supreme Court found the 300-mile distance from the federal courthouse to the majority of the plaintiffs to be significant. In the instant case, the state and federal courts are located in very close proximity, and the parties would not be "forced to commute long distances" to litigate in either forum. *Microsoftware Computer Sys., Inc.*, 686 F.2d at 538; *LaDuke*, 879 F.2d at 1560. The possible inconvenience of the federal forum is insufficient to outweigh the other *Colorado River* factors. Therefore, the Court concludes that the second factor, the inconvenience of the federal forum, is neutral.

Accordingly, the Court finds that "exceptional circumstances" exist to warrant abstention pursuant to *Colorado River*, and the Court will refrain from conducting any further proceedings in this case pending the resolution of the parallel action in state court. *Moses H. Cone*, 460 U.S. at 25-26.

### III. Stay or dismissal

Having determined that abstention is appropriate, the only remaining question is whether to stay the Court's exercise of jurisdiction over the federal case or to dismiss the federal action. It has long been held in the Seventh Circuit that a stay is the appropriate course of action under *Colorado River*. *Montaño v. City of Chi.*, 375 F.3d 593, 602 (7th Cir. 2004); *Lumen*, 780 F.2d at 698 ("[A] dismissal, even without prejudice, creates a risk that the federal plaintiff will be time-barred from reinstating his federal suit if the state proceeding does not result in a final decision on the merits."); *Selmon v. Portsmouth Drive Condo. Ass'n*, 89 F.3d 406, 409-10 (7th Cir. 1996) (collecting cases) ("[A] stay, not a dismissal, is the appropriate procedural mechanism for a district court to employ in

deferring to a parallel state court proceeding under the Colorado River doctrine."). A stay "protects the rights of all parties without imposing any additional costs or burdens on the district court." *LaDuke*, 879 F.2d at 1562. Accordingly, this Court will stay this proceeding rather than dismiss it pending the outcome of the state proceedings. As this Court is abstaining under *Colorado River*, it need not reach Defendants' argument that the Court dismiss this case or abstain under *Younger*.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or stay the case (R. 21) is GRANTED in part and DENIED in part. This case is stayed pending further order of the Court. During the stay, this lawsuit will be administratively closed with full leave to reinstate upon the completion of the state case. The parties are directed to proceed in the Circuit Court of Cook County, Illinois and to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle this case. The Clerk of the Court is directed to administratively close this action.

ENTERED: _____
Judge Ruben Castillo
United States District Court

**Dated: December 5, 2012**

14